[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 2, 1996
The plaintiff alleges that on or about September 11, 1995, he and his wife were shopping at the defendant's building. He further alleges that while walking to his car in the building's parking lot with his wife, he heard an employee of the defendant announce over the public address system, "take a look at the Loony Toon and his wife walking in the parking lot. Take care of him." The plaintiff claims that, as a result of this announcement, he suffered emotional and psychological injury.
The defendant has filed an answer and a special defense. The latter asserts that the complaint "fail[ed] to state a cognizable cause of action." The plaintiff has now moved to strike that special defense on the ground that the defense is a claim of law rather than an allegation of fact.
Ordinarily, a special defense is used to allege facts not included in the opposing party's complaint. Section 164 of the Practice Book provides in part that "[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged." Several cases were found in which courts have allowed defendants to assert a special defense which attacks the legal sufficiency of a complaint. See, e.g., Scan Associates, Inc. v. Civitello BuildingCo., Inc., Superior Court, judicial district of New Haven, Docket No. 350643 (January 24, 1994) (Hodgson, J., 10 CONN. L. RPTR. 646) (defendant may put plaintiff on notice of claim that plaintiff has no cause of action by asserting such claim as a special defense when no motion to strike has been filed);Janowicz v. Clark Construction, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 138678 (March 15, 1995) (Lewis, J.) (citing Scan Associates, Inc. v. CivitelloCT Page 6336Building Co., the court denies the plaintiff's motion to strike the defendant's special defense); Torres v. Melody, Superior Court, judicial district of New London at Norwich, Docket No. 98765 (December 7, 1995) (Levine, J.) (the court denied the plaintiff's motion to strike a special defense, relying on the court's observation in Scan Associates v. Civitello that a claim that a complaint fails to state a cause of action may be raised by either a motion to strike or a special defense).
In Scan Associates, Inc. v. Civitello, supra, a defendant had filed several special defenses. The first asserted that the complaint failed to state a claim upon which relief can be granted. The plaintiff moved to strike the special defenses on the ground that the assertions contained therein were not properly pleaded as special defenses.
The court (Hodgson, J.), citing to Practice Book Sec. 164, observed that the function of a special defense is to set forth those facts which show that the plaintiff is without a cause of action for reason other than the claimed inaccuracy of the facts asserted in the complaint. The court recognized that the first special defense did not state facts that show that the plaintiff had no cause of action, indeed, the first purported special defense contains no facts at all but only the legal claim that the complaint fails to state a cause of action. It noted, however, that even though the language of Sec. 152 of the Practice Book appeared to suggest that a motion to strike the complaint was the sole means by which its legal insufficiency could be contested, our Supreme Court had ruled that where a plaintiff has failed to allege a cognizable cause of action, it was not the defendant's burden "to attempt to correct the deficiency, either by motion, [motion to strike] or otherwise." (Citations omitted; internal quotation marks omitted.) Robert S.Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 535 n. 5.
In denying the plaintiff's motion to strike, the court emphasized that a defendant's failure to move to strike any portion of the complaint does not prevent it from claiming that the plaintiff has no cause of action. Robert S. Weiss Associates, Inc. v. Wiederlight, supra. The court concluded that the only method by which a defendant can put a plaintiff on notice of claim when no motion to strike is filed is by asserting the claim as a special defense. Scan Associates, Inc. v.Civitello, supra. The court is persuaded by the reasoning in ScanAssociates, Inc. v. Civitello, and the plaintiff's motion to CT Page 6337 strike is, accordingly, denied.
MORAGHAN, J.